ROBERT N. GREENE *v.* M. & M. MFG. CO.

M. & M. MFG. COMPANY, INC. *v.* ROBERT N. GREENE.

DECEMBER 29, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. These two actions of trespass on the case for negligence were brought by the respective owners of two automobiles to recover for property damage sustained when said vehicles were involved in a collision. The cases were

tried together to a jury in the superior court. Thereafter they returned a verdict for the defendant in the first case and a verdict for the plaintiff in the amount of $375.71 in the second case. For convenience we will hereinafter refer to Robert N. Greene as the appellant and to M & M Mfg. Company, Inc. as the appellee. In each case the appellant has prosecuted a bill of exceptions to this court, but is pressing only his exception to a portion of the charge given to the jury by the trial justice.

There is no substantial dispute concerning the facts which are material to the issues here. On the evening of November 3, 1957 the automobiles now under consideration had been parked by the respective operators thereof in the vicinity of an auditorium located on North Main street in the city of Providence. That part of North Main street is separated into two roadways by a median divider strip. In the easterly roadway traffic moves to the north, and in the westerly roadway it moves to the south. Each roadway comprises three lanes, the one which is nearest to the curb being utilized generally for parking purposes, while the two remaining lanes are used by moving traffic. At the time in question the automobiles were parked along the westerly curb of North Main street facing south with that of the appellee being parked immediately to the rear of that of appellant. It is not disputed that the vehicles were parked in such a manner that the left-hand side of each car was immediately adjacent to one of the southbound traffic lanes.

During that evening the operator of each of the vehicles here under consideration returned to his respective automobile at approximately the same time. According to the testimony of appellant, in approaching his car he walked along the westerly sidewalk of North Main street and stepped from the sidewalk into the highway immediately to the rear of his automobile. He then passed between the rear of his automobile and the front of that of appellee and, turning to his right, took a few steps along the left-hand

side of his car. He then opened the left front door preparatory to entering the vehicle and occupying the driver's seat therein. According to his testimony, the automobile of appellee was approaching from the rear and struck the door of his car as it swung open.

The exception upon which appellant relies to establish reversible error was taken to a portion of the charge wherein the trial justice was instructing the jury with respect to an application of the law of negligence to the action of appellant in going to his automobile and opening a door thereof on the side immediately adjacent to a lane in which traffic was moving. The pertinent language of that portion of the charge in the immediate context in which it appears reads: "Now here you had a case where two cars were parked alongside a sidewalk on a road which was at that time heavy with traffic. You have to decide whether or not the person in the first car, the car that opened the door, was guilty of contributory negligence in his action by opening that door, and according to his testimony he did not see the other car except when it was parked alongside the curb, until the instant of impact. We have a rule of law that says that a person should not leave a place of safety for one of apparent danger or one that could apparently be dangerous. Here the plaintiff in this action left the sidewalk and went into a heavily travelled highway to open a door on that side of the car in order to get in. If you evaluate that as being negligence, then, of course, he cannot recover in this case for his action."

The appellant's argument, as we understand it, is that the trial justice, in instructing the jury that plaintiff Greene had left the sidewalk and entered into a heavily traveled highway, was making a finding of fact with respect to which the evidence was conflicting and that he thus invaded the province of the jury to the prejudice of appellant. In our opinion, however, it is not necessary for us to pass upon the consistency of the charge with the state of the evidence

in this respect, for we are persuaded that error inheres in the instruction as given for another and perhaps more basic reason.

When this portion of the charge is considered in the light of the evidence as it relates to the negligence, if any, of the appellant, it clearly refers to one of the controlling issues in these cases, that being the legal character to be attributed to appellant's action in opening the left front door of the automobile while it was so parked as to be adjacent to the lanes in which traffic was moving. Whether such action constituted negligence has a substantial bearing on appellant's right to recover in his own action and upon the right of appellee to recover in the action in which it was the plaintiff. The trial justice, therefore, acted properly in undertaking to direct the attention of the jury to the act of appellant in opening the left front door of the car in the position in which it was parked and to instruct the jury that it was required to decide whether, under his instruction as to the law, this act in all the existing and surrounding circumstances constituted an act of negligence.

However, the trial justice went further, stating: "We have a rule of law that says that a person should not leave a place of safety for one of apparent danger or one that could apparently be dangerous." He then went on to tell the jury that appellant "left the sidewalk and went into a heavily travelled highway" in order to reach and open the door in question. Thus, by obvious inadvertence the trial justice brought to the attention of the jury an instruction that is frequently given in cases which involve injury to a pedestrian who, in traveling along a highway, is struck by a vehicle also using the highway.

This particular test for the determination of negligent conduct has been usually considered by this court as being peculiarly appropriate for use in cases involving personal injury to pedestrians using the highway. It derives from the well-settled rule of law that pedestrians have an equal

right to the use of the highway for travel with the operators of vehicles, each being required to conform to reasonable standards of care in so doing. The care that is required of a pedestrian in such cases is dependent upon the hazards that inhere in the circumstances then existing. *Kinoian* v. *Brennan,* 78 R. I. 298. Within the contemplation of that rule, one who leaves a position of safety to enter into a position which is or could become perilous must exercise that degree of care which is consistent with the conditions and circumstances therein existing. *Kalify* v. *Udin,* 52 R. I. 191; *McKean* v. *Barker,* R. I., 148 Atl. 599.

The inclusion of such an instruction in the instant charge, however, obviously directed the attention of the jury to a test for determining negligent conduct that was without relevance to any issue raised in these cases. We find inescapable the conclusion that the instruction as given caused the jury to consider the appellant's action in leaving the sidewalk and entering the roadway as being as significant of negligence as was his action in opening a door of the car close to a lane in the roadway in which traffic was moving. In a case in which the appellant's negligence, if any, must be found in his action in opening the left front door of the car in the circumstances then existing, an instruction that directs the attention of the jury to his act of leaving the sidewalk with such emphasis as that given here, in our opinion, strongly tended to confuse and mislead the jury. It is also our opinion that the instruction as given was erroneous and, however inadvertent it might have been, prejudiced the appellant in each of the cases.

The appellant's exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*Robert N. Greene,* pro se.

*Boss, Conlan, Keenan, Bulman & Rice, Frederick A. Reardon* for M & M Mfg. Company, Inc.